IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN M. MILLER                                                    PLAINTIFF

v.                              No. 1:11-cv-76-DPM

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration                             DEFENDANT

ORDER

John Miller was diagnosed with bipolar disorder at age 36. He is now 51. Miller was a businessman for more than twenty years and managed his condition with minor interruption. After a slip and fall about eight years ago, he sought treatment for back pain. MRIs showed that he suffered from severe degenerative disc disease, mild to moderate central canal narrowing, and moderate degenerative facet arthropathy at all levels. He applied for supplemental security income and disability benefits income. Miller's claim was denied initially and upon reconsideration. The ALJ then held a hearing and also denied Miller's claim. After the Appeals Council refused his request for further review, Miller appealed to this Court. In the circumstances, the ALJ's decision is the Commissioner's decision.

Miller argues that substantial evidence does not support the ALJ's determination of his residual functional capacity and that the ALJ erred in failing to consider if Miller met the listing for 12.02 organic brain dysfunction. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); 42 U.S.C. § 405(g). Evidence is substantial if, looking at the whole record, "a reasonable mind would find it adequate." *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see also Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). The Court considers all evidence, but will not reverse simply because the evidence could also support a contrary conclusion. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

The thrust of Miller's argument is that ALJ incorrectly determined his residual functional capacity. He says the ALJ cherry-picked information unfavorable to the claim and did not assess non-severe impairments — mental and physical — that affect Miller's ability to work. Substantial evidence, however, supports the ALJ's conclusion that Miller has the capacity to perform light work, limited to simple job tasks and instructions. No medical evidence, including none of the doctors' reports, finds that Miller's physical conditions preclude his ability to do light work. And Miller's own assessment of his daily activity supports his capacity to work. He admits

being able to take walks, drive, run errands, perform chores, and use the computer. The lack of medical evidence and Miller's daily routine, combined with Miller's testimony of his recent work history (including a stint as a security guard), support the ALJ's conclusion.

The ALJ also considered Miller's back pain and difficulty with movement. He discussed in depth Dr. Abraham's objective assessment of Miller's physical limitations. The ALJ noted that Miller had a normal range of motion in his extremities and cervical spine, that he had twenty to twenty-five degrees of flexion in his lumber spine, that his reflexes were normal, that his grip strength was adequate, and that he walked using a cane, but could walk without it. The ALJ also considered Miller's subjective complaints of pain — complaints that can be discounted if they are inconsistent with the record as a whole. 20 C.F.R. §§ 404.1529, 416.929; *McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000). And numerous parts of Miller's testimony contradicted either prior testimony or evidence in the record. For example, Miller stated at his hearing that he suffered two heart attacks in 2008, but thorough medical records did not support the claim. During his more recent visit with Dr. Bunting, Miller gave a number of contradictory statements

about his work history, his medical history, and his past alcohol and drug abuse, all of which the ALJ discussed in-depth. These inconsistencies support the ALJ's conclusion that Miller's credibility was significantly undermined. *Wildman v. Astrue*, 596 F.3d 959, 968-969 (8th Cir. 2010). This conclusion in turn supports the ALJ's determination that Miller's physical non-severe impairments are consistent with his capacity to work.

The ALJ also considered Miller's mental and social fitness to work. He discussed Miller's positive response to medication, while employed, for more than a decade, noting that the record shows no significant deficits in concentration, memory, and attention when compliant with treatment. The ALJ nonetheless determined that Miller was limited to performing simple job tasks and instructions. This is wholly consistent with the medical evidence in the record. Dr. Bunting opined that Miller was markedly limited in his ability to remember and carry out complex instructions, but only moderately limited in his ability to remember and carry out simple instructions. Dr. Abraham's assessment states only that Miller's bipolar disorder may contribute to his inability to work. It makes no distinctions between the types of tasks to which Miller may be suited. Here too, Miller's own testimony of

his normal activity supports the ALJ's determination that he has the ability to work with others. Miller notes he often visits with friends and neighbors, participates in a choir, and attends meetings in Little Rock. This evidence thus supports the ALJ's finding that Miller can perform light work with simple tasks and instructions.

Miller next contends that the ALJ failed to consider an additional listing, 12.02 organic mental disorder. The record makes no mention of an organic mental disorder, only bipolar disorder, alcohol abuse, and personality disorder. Nothing in the record demonstrates repeated episodes of deterioration or decompensation in work or work-like situations — the type of decompensation needed to meet or equal the 12.02 listing. Miller points to a single instance of decompensation in 2008. This occurred in a hospital. The ALJ noted this episode in his decision. And this decompensation was neither repeated, nor in a work situation. In the circumstances, further consideration of the 12.02 listing was not necessary. Because substantial evidence supports the ALJ's determination that Miller did not suffer repeated episodes of decompensation, the ALJ committed no error in failing to mention the 12.02 listing.

\* \* \*

Substantial evidence supports the conclusion that Miller has the residual functional capacity to perform light work, limited to simple tasks and instructions. The ALJ committed no error in failing to consider the listing for 12.02 organic brain disorder. The denial of benefits is affirmed.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 December 2012